[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-11732

Non-Argument Calendar

_____

ROBERT M. ROGERS,

Plaintiff-Appellant,

*versus*

JACKSON COUNTY FLORIDA,
A Florida County and Political Subdivision of the
State of Florida,
JAMES D. PEACOCK,
Individually and in His Capacity as County Commissioner,

Defendants-Appellees.

_____

2                    Opinion of the Court                    23-11732

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 5:22-cv-00237-TKW-MJF

_____

Before WILSON, LUCK, and ANDERSON, Circuit Judges.

PER CURIAM:

Robert Rogers, *pro se*, appeals the district court's dismissal of his complaint against Jackson County, Florida, and one of its County Commissioners, James Peacock.  He argues that the County and Peacock unconstitutionally deprived him of property without due process of law and that Peacock violated his equal protection rights because Peacock partially destroyed an earthwork berm on Rogers's property.[1]

## I. DISCUSSION

We review a district court's order granting a motion to dismiss *de novo*, accepting all facts in the complaint as true and drawing all reasonable inferences in favor of the plaintiff.  *Randall v.*

---

[1] Rogers also moves for leave to amend his pleadings, stating that newly discovered evidence would "add credence" to his testimony and refute Peacock's testimony.  Because Rogers's motion presents no new legal arguments and merely seeks to introduce new evidence not relevant to resolution of the constitutional issues on appeal, we deny his motion as moot.

The district court dismissed state law claims against all of the Defendants, declining to exercise supplemental jurisdiction of the state law claims after dismissal of the federal claims.

*Scott*, 610 F.3d 701, 705 (11th Cir. 2010). We write only for the parties who are already familiar with the relevant facts. Therefore, we set out only such facts as are necessary for the parties to understand our rulings.

### A. Procedural Due Process Claim

A plaintiff bringing a procedural due process claim must show that he was (1) deprived of a constitutional property interest (2) by state action (3) through a constitutionally inadequate process. *Spencer v. Benison*, 5 F.4th 1222, 1232 (11th Cir. 2021); *see* U.S. Const. amend. XIV, § 1. An "unauthorized intentional deprivation of property by a state employee"—as opposed to an established state procedure designed to deprive property—does not violate the Due Process Clause if a meaningful post-deprivation remedy is available. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *see Nat'l Ass'n of Bds. of Pharmacy v. Bd. of Regents of the Univ. Sys. of Ga.*, 633 F.3d 1297, 1317-18 (11th Cir. 2011). Under Florida law, a county's board of commissioners has the power to maintain the county's property collectively, not the individual commissioners. *Kirkland v. State*, 97 So. 502, 508 (Fla. 1923); *see also* Fla. Stat. § 125.01. A district court can consider the exhibits attached to a complaint when ruling on a motion to dismiss. *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000).

Here, Rogers has not stated a procedural due process claim. His complaint does not allege facts which would show that the deprivation of property was through a constitutionally inadequate process. *See Spencer*, 5 F.4th at 1232. Rogers's complaint repeatedly

characterizes Peacock's actions as being unauthorized, and state law shows that Peacock does not possess the power to unilaterally act on the County's behalf. *See Kirkland*, 97 So. at 508. Peacock's alleged unauthorized intentional deprivation of Rogers' property does not require pre-deprivation remedies if a meaningful post-deprivation remedy is available. *Hudson*, 468 U.S. at 533. A meaningful post-deprivation remedy does exist, as shown by Rogers's state-law claims for trespass and nuisance against the County, thus satisfying the Due Process Clause. *Id*. Finally, the district court did not convert the motions to dismiss to summary judgment motions by considering exhibits attached to the complaint. *See Grossman*, 225 F.3d at 1231. Accordingly, we affirm as to this issue.

### B. Equal Protection Claim Against Peacock

A "class of one" claim under the Equal Protection Clause requires a plaintiff to show that he has been intentionally treated differently from other similarly situated people and that the government lacked a rational basis for the different treatment. *Chabad Chayil, Inc. v. Sch. Bd. of Miami-Dade Cnty.*, 48 F.4th 1222, 1233 (11th Cir. 2022); *see* U.S. Const. amend. XIV, § 1. The comparator must be similarly situated in all relevant respects. *Chabad Chayil*, 48 F.4th at 1233.

Though *pro se* briefs are construed liberally, *pro se* litigants abandon issues not briefed on appeal. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). An issue is not briefed on appeal when it is not specifically and clearly identified by a party in its opening brief. *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330

(11th Cir. 2004).  For an issue to be adequately briefed, it must be plainly and prominently raised and must be supported by arguments and citations to the evidence and to relevant authority. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014).

Here, even construing Rogers's *pro se* brief liberally, he has abandoned his equal protection claim.  While his opening brief mentions the issue, he does not address the district court's reasons for granting the motion to dismiss on the claim and does not cite to relevant authority on the issue.  *See Sapuppo*, 739 F.3d at 681.

Even assuming that the issue were not abandoned, Rogers's complaint does not state a "class of one" equal protection claim. *See Chabad Chayil*, 48 F.4th at 1233.  Rogers has identified no similarly situated comparators.  The presence of the berm on Rogers's land meant that he was not similarly situated to his neighbor, Colby Willoughby. Thus, the district court correctly held that there was a rational basis for Peacock to treat Rogers's land differently from Willoughby's.  *See id*.  Therefore, the district court did not err in dismissing the equal protection claim.

**AFFIRMED**